<hr/>

## The People of the State of Illinois, Defendant in Error, v. J. L. Spain, Plaintiff in Error.

1. EVIDENCE—*what conviction of crime affects credibility of witness.* In a criminal case the credibility of a witness is not affected by proof of conviction of any other than an infamous crime.

2. EVIDENCE—*how proof of conviction of crime must be made, in criminal cases to affect credibility of witness.* Such proof can only be made by the introduction of the record of conviction.

3. INSTRUCTIONS—*when in criminal case upon quantum of proof required erroneous.* An instruction upon this subject is erroneous which authorizes conviction upon proof of facts and circumstances from which guilt might reasonably and satisfactorily be inferred.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

MONEYHAM & SEEBER and THOMAS J. LAYMAN, for plaintiff in error.

G. A. HICKMAN, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a criminal prosecution against plaintiff in error upon an information containing ten counts, filed by the state's attorney of Franklin county, charging him with having sold intoxicating liquor in anti-saloon territory, in said county.

A jury found plaintiff in error guilty on the first count and judgment was entered in accordance therewith, the court imposing a fine of $100 and costs and a jail sentence of thirty days.

Upon the trial plaintiff in error was a witness in his own behalf and was compelled, on cross examination, to testify against his objection, that he had been convicted at a previous term of said court, of selling intoxicating liquors. It is provided by section 6 division 13 of our criminal code that "No person shall be disqualified as a witness in any criminal case or proceeding, by reason of his interest in the event of the same as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility." The object of this statute was to remove the common law disability, which prohibited a person convicted of an infamous crime, from being a witness, but it was not designed to permit proof of conviction of an offense not infamous and therefore legally presumed to affect his credibility. Further, while proof that a witness in a criminal case has been convicted of an infamous crime may be shown for the purpose of affecting his credibility, this can only be done by introducing the record of his conviction. Bartholmew v. The People, 104 Ill. 601; Kirby v. The People, 123 Ill. 436; McKevitt v. The People, 208 Ill. 460.

The trial court therefore erred in compelling plaintiff in error to testify concerning his former conviction of selling intoxicating liquors contrary to law.

The people's instruction No. 3 told the jury that the guilt of the defendant might be established by proof of facts and circumstances from which it might be reasonably and satis-

factorily inferred.   This instruction was palpably erroneous as there could be no conviction unless there was proof of the defendant's guilt beyond a reasonable doubt.

For the errors above mentioned the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*