**The People of the State of Illinois, Plaintiff-Appellee, v. George Samuel Dawdy, Defendant-Appellant.**

Gen. No. 10,876.

Fourth District.

November 1, 1967.

Julian Hutchens, of White Hall, for appellant.

Jack A. Alfeld, State's Attorney of Greene County, of Carrollton, for appellee.

TRAPP, J.

Upon a jury trial defendant was convicted of the offense of forgery of a bank check. An issue upon this appeal is whether or not the indictment was sufficient to state an offense.

In People v. Tilden, 242 Ill 536, 90 NE 218, it is stated that at common law an indictment must profess, on its

face, to set out an exact copy of the forged instrument and that in the absence of a statute providing otherwise, an indictment which fails to do so is fatally defective. In People v. Brown, 397 Ill 92, 72 NE2d 859 (1947), the Supreme Court states the rule to be that an indictment for forgery must profess to set out the instrument according to its tenor, i. e., in exact copy, except where the instrument is in the possession of the accused, destroyed, or for some other reason is not accessible to the grand jury, in which event the reason for not setting it out must be distinctly averred. In People v. Crouch, 29 Ill2d 485, 194 NE2d 248 (1963), the Supreme Court reiterates the rule and applied it to an indictment drawn under our present Criminal Code, chapter 38, § 17–3 (Ill Rev Stats 1965).

■ In this case the indictment did not undertake to set out the forged instrument in haec verba, as words and figures, or by attaching a photo, or other form of exact copy. There is no distinct, or other averment, that the instrument is in the possession of the accused, destroyed or otherwise not accessible to the grand jury.

No statute altering this rule of the Supreme Court has been cited and we have found none.

■ The insufficiency of the indictment in charging the offense may be raised by writ of error, People v. Furman, 26 Ill2d 334, 186 NE2d 262, or upon appeal, People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381.

■ Where the indictment is insufficient to charge an offense, the reviewing court must reverse. People v. Pronger, 48 Ill App2d 477, 199 NE2d 239; People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381.

Reversed.

CRAVEN, P. J. and SMITH, J., concur.