# The People of the State of Illinois, Appellee, v. John C. Hayn, Defendant-Appellant.

## Gen. No. 69–15.

Third District.

November 4, 1969.

Mathis, Slavens, Parsons & Hatcher, of Peoria, and Gerald W. Smith, of Pekin, for appellant.

Bernard Oltman, State's Attorney of Tazewell County, of Pekin (Jay H. Janssen, Assistant State's Attorney, of counsel), for appellee.

RYAN, J.

A jury found the defendant guilty of the offense of theft and the court sentenced him to the Illinois State Penitentiary for not less than four nor more than eight years. This appeal has followed.

The indictment charging the defendant with theft is in the following language:

> "That on the 4th day of November, 1967, in said County of Tazewell, at 184 Sapp Street, in the City of Pekin, Illinois, JOHN C. HAYN committed the offense of theft in that he knowingly obtained control over six (6) American Express Company money orders, having a value exceeding One Hundred Fifty Dollars ($150.00), the property of WESLEY ANDERSON, knowing that the said six (6) American Express money orders had been stolen from WESLEY ANDERSON by another in such manner as to deprive WESLEY ANDERSON permanently of the use and benefit of said property, in violation of Paragraph 16–1(d), Chapter 38, Illinois Revised Statutes."

The defendant moved to dismiss the indictment. The trial court denied the motion. A jury trial followed with the above indicated result.

Chapter 38, § 16–1, Ill Rev Stats 1967, insofar as it is pertinent here provides as follows:

> "Theft. A person commits theft when he knowingly:

"(a) Obtains or exerts unauthorized control over property of the owner; or

"(b) Obtains by deception control over property of the owner; or

"(c) Obtains by threat control over property of the owner; or

"(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

"(1) Intends to deprive the owner permanently of the use or benefit of the property; or

"(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

"(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

"Penalty.

"...."

■■ It should be noted that the above-quoted section is twofold. Subsections (a), (b), (c) and (d), describe the act which may be involved in the offense of theft and subsections (1), (2) and (3) describe the mental state of the perpetrator of the act or his conduct from which mental state is presumed, which must accompany the act. This section provides that the act must be done knowingly. The act and the mental state must coincide. The offense of theft is committed when any one of the acts listed in the first four subsections coincides with any one of the mental states or actions indicating mental state listed in the last three subsections. SHA c 38, § 16–1, Committee Comments.

The indictment under consideration charges an act by the defendant under subsection (d) of section 16–1; that is, that the defendant "committed the offense of theft in that he knowingly obtained control over six (6) American Express Company money orders, having a value exceeding One Hundred Fifty Dollars ($150.00), the property of WESLEY ANDERSON, knowing that the said six (6) American Express money orders had been stolen from WESLEY ANDERSON by another."

However, after alleging the act committed by the defendant the indictment fails to allege any mental state of the defendant or any conduct of the defendant indicating his mental state. Following the allegations of the act the indictment carries on by stating that the items had been stolen from Wesley Anderson by another "in such a manner as to deprive Wesley Anderson permanently of the use and benefit of said property. . . ." The allegation of the manner in which they were stolen by another other than the defendant relates to the mental state of the person who originally stole the property from Wesley Anderson but says absolutely nothing about the mental state of this defendant when he received the stolen property. It is possible for the act of this defendant in receiving the stolen property as charged to be just as consistent with this defendant's intention to return the stolen property to the owner as to deprive him permanently of the use or benefit thereof.

We do not believe that the use of the word "knowingly" in this indictment indicates any intent on the part of this defendant to deprive the owner permanently of the use or benefit of such property. We are of the opinion that the word "knowingly" as used in this indictment relates to the act of the defendant in receiving the property. It says nothing about his intent with regard to the property after he had received it. It does not charge that he knowingly used, concealed or abandoned the property in

such a manner as to deprive the owner permanently of its use or benefit. It is provided in the statute that such an allegation would indicate conduct of the defendant from which the necessary mental state could be presumed. Such conduct on the part of this defendant was not charged.

In order to charge a violation of c 38, § 16–1, Ill Rev Stats there must be alleged an act by the defendant and a mental state of the defendant. An indictment which fails to allege one of the mental states listed in section 16–1 or one of the acts listed indicating mental state is fatally defective. People v. McCormick, 92 Ill App2d 6, 235 NE2d 832.

In the absence of the allegation in the indictment of the necessary intent, the indictment failed to charge the defendant with an offense. People v. Pronger, 48 Ill App2d 477, 199 NE2d 239. Where the indictment is insufficient to charge an offense, the reviewing court must reverse. People v. Dawdy, 87 Ill App2d 424, 230 NE2d 883.

In view of the above it is unnecessary for us to consider the other points that have been raised by the defendant on this appeal.

Reversed.

STOUDER, P. J. and ALLOY, J., concur.