THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HAYNES, Defendant-Appellant.

(No. 70-217; 

Third District—May 20, 1971.

Theodore A. Gottfried, of Defender Project, of Ottawa, for appellant.

Robert A. Downs, State's Attorney of Lewistown, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant John Haynes was charged with the crime of theft in an information which recited, "he, John Haynes, knowingly obtained or exerted unauthorized control" over property consisting of a television set being owned by a certain individual and having a value in excess of $150. On April 27, 1970, the defendant appeared before the trial court without counsel and waived indictment by a grand jury. Another count of the information filed was withdrawn and defendant pleaded guilty to Count I of the information containing the language referred to. Defendant was subsequently sentenced to a term of not less than one nor more than three years in the penitentiary. On appeal in this Court, defendant contends that the information in the cause before us to which defendant pleaded guilty was insufficient to charge the crime of theft.

We are concerned in this cause with an information filed under the terms of 1969 Illinois Revised Statutes, ch. 38, par. 16—1. That Section provides specifically as follows:

"Theft. A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner; or

(b) Obtains by deception control over property of the owner; or

(c) Obtains by threat control over property of the owner; or

(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property; or

(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

We had occasion to consider this section and the issue before this Court in *People v. Hayn*, 116 Ill.App.2d 241. In the *Hayn* case we pointed out specifically that Section 16—1 was "twofold". Sections (a), (b), (c) and (d) described the act which may be involved in the offense of theft and subsections (1), (2) and (3) described the mental state of the perpetrator of the act, or his conduct from which the mental state is presumed, which must accompany the act. The section provides that the act must be done knowingly and that the act and mental state must coincide. As we pointed out in that case, the offense of theft is committed when any one of the acts listed in the first four sections coincides with any one of the mental states or actions indicating a mental state listed in the last three subsections. This is clearly expressed in the Committee Comments contained in Smith-Hurd Annotated Statutes, ch. 38, § 16—1. It is pointed out there that one of the acts listed in the first four subsections must coincide with the mental state (or acts indicating such mental state) as listed in the last three subsections. The committee pointed out that virtually any kind of theft can be described by combining one of the first four subsections with one of the three subsections describing mental state of the accused.

■■ In the information before us, there is simply a charge that the defendant had "knowingly obtained or exerted unauthorized control" without any reference to an act indicating a mental state or to the mental state of defendant. A person could have exerted unauthorized control over property knowingly without intending to permanently deprive the owner of the use of the property or without having a mental state such as described in the Criminal Code, par. 16—1 referred to in this opinion. As we have indicated in *People v. Hayn*, *supra*, the use of the word

"knowingly" is not sufficient to charge the requisite mental state, and does not specify anything about the intent of defendant with respect to the property.

An indictment which fails to allege the requisite mental state or describe acts which indicate such mental state, as we have indicated in *People v. Hayn, supra,* fails to charge an offense and when challenged requires that the reviewing court reverse. *People v. Matthews,* 122 Ill.App.2d 264, 271.

■■ Since the information was insufficient to charge a crime, the fact that defendant pleaded guilty does not constitute a waiver of such irregularity since the charge involved in an indictment or an information in a criminal case is jurisdictional, and the information in this cause was, therefore, void. *People ex rel. Ledford v. Brantley,* 46 Ill.2d 413, 263 N.E.2d 27.

The judgment of the Circuit Court of Fulton County is, therefore, reversed and defendant is ordered discharged as to the information referred to in this cause.

Judgment reversed.

STOUDER and SCOTT, JJ., concur.