The People of the State of Illinois, Plaintiff-Appellee, *v.* Gerald A. Spera, Defendant-Appellant.

(No. 72-55;

Second District—March 6, 1973.

Robert F. Casey and George E. Krippner, both of Geneva, for appellant.

William R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant was charged with possession of a stolen motor vehicle and under a separate indictment was charged with theft of a motor boat and boat trailer. The two indictments were consolidated for trial and the jury found the defendant guilty of theft of the boat and trailer, and guilty of possession of a stolen motor vehicle. Defendant applied for and was granted probation for a period of three years. He was ordered to make restitution as a condition of his probation. Defendant appeals.

On appeal he contends that he was improperly denied a preliminary hearing; that the court should not have instructed the jury on the presumption arising from unexplained possession of recently stolen property; that the court instructed the jury on theft in terms at variance with the indictments; that the instruction on the Ill. Rev. Stat. 1969, ch. 95½, sec. 4—103(a), charge erroneously failed to allege any mental state; and that the court erroneously gave a lengthy hung jury instruction, Federal Instruction 7.07, as part of the original series of instructions.

Defendant was arrested at Pottawatomie Park, St. Charles, Illinois, where he was loading the boat on a boat trailer, in turn attached to the motor vehicle. Investigation disclosed that the 1970 green Chevrolet was stolen from Brigance Chevrolet in Oak Park, on May 4, 1970. The license plates on the trailer were also stolen and another set of stolen license plates were found in the trunk of the automobile. The boat and trailer were stolen on June 10, 1971, in Rolling Meadows. Otto Katek, the owner of the boat (a distinctive Turbo jet bright red fibre glass) in question, observed his stolen boat being driven down the Fox river. He, in turn, contacted the St. Charles police which culminated in the aforesaid arrest of the defendant and the recovery of the stolen boat, boat trailer, and stolen motor vehicle. It further appears that one of the identifying numbers on the boat itself had been altered.

We consider first the indictment and conviction for the possession of the stolen motor vehicle under Ill. Rev. Stat. 1969, ch. 95½, sec. 4—103 (a):

"It is a violation of this Chapter for:
(a) A person not entitled to the possession of a motor vehicle or other vehicle to receive, possess, conceal, sell or dispose of it, knowing it to have been stolen or converted;  *  *  *."

■■ The defendant upon his apprehension made a statement that he had borrowed the stolen car from "Chuck" and that "Chuck" had his car. The defendant himself did not testify, but his wife testified as to the possession of the car in question. The facts indicate that the car was stolen from the Brigance Chevrolet agency in May, 1970. The defendant's wife testified they obtained possession of the car from "Chuck" who ran

a Shell filling station at the corner of Harlem and North Avenues in Oak Park. She testified that she had driven the car about twelve times and that her husband used it on occasion. The State produced "Chuck" Barkoozis who testified that he had run the Shell station at this location for seven years, that he had never loaned the defendant the car in question, that he had never borrowed the defendant's car, that he knew the defendant, and that the defendant had been in his station with a car subsequently identified as the stolen vehicle. Upon re-direct examination, Mrs. Spera testified that there were two "Chucks." It can thus be seen that the testimony offered for the unexplained possession of the stolen motor vehicle is tenuous. The jury was more than amply justified in finding that the defendant was guilty of the possession of this motor vehicle under the above cited statutory provision.

■■■ Turning then to the second indictment which in fact was a theft indictment under Ill. Rev. Stat. 1969, ch. 38, sec. 16—1(a), the State contended at the trial that the defendant was charged with the theft of the boat and trailer. Instructions to that effect were given and the jury found him guilty. The boat and trailer were found in the possession of the defendant nine days after they had been stolen. The defendant also stated to the police at the time of his apprehension that he bought the boat and trailer from a fellow named "Chuck." This is apparently a purported second "Chuck." In his statement, the defendant stated that he met the second "Chuck" at Belmont Harbor who said he was a representative of Maypole Motors in Chicago. Subsequently, the defendant produced an alleged bill of sale from Maypole Motors date June 7th, 1971, covering an alleged sale of a super jet boat and reflected a purchase price of $6820. It is to be noted that the boat and trailer in question were stolen two days later on June 9, 1971. The State produced the manager of Maypole Motors who testified that this bill of sale was never issued by Maypole Motors, and the name thereon was not an employee of their company. It is also to be noted that the identifying numbers on the boat itself had been altered. Defendant testified he entered into a deal with "Chuck" to pay him $1500 and give him a Snowmobile for the boat and trailer. No other evidence of this purported transaction was forthcoming. The law in Illinois has long been that exclusive and unexplained possession of recently stolen property is evidence of theft. In *People v. Hayes* (1971), 133 Ill.App.2d 885, 272 N.E.2d 423, the court stated that they had held in *People v. Hyde* (1968), 97 Ill.App.2d 43, 239 N.E.2d 466, that evidence of recent, exclusive and unexplained possession of stolen goods is evidence of theft, and was sufficient to convict. They re-affirmed that case and held that under the circumstances present in *Hayes* the evidence was sufficient to support the jury verdict of guilty. In *People v.*

*Litberg* (1952), 413 Ill. 132, 108 N.E.2d 468, the Supreme Court held that the trial judge in weighing the evidence was warranted in finding that the explanation of possession of the stolen property was unsatisfactory. Likewise, in *People v. Reynolds* (1963), 27 Ill.2d 518, the court held that the recent, exclusive and unexplained possession of stolen property by an accused, raises the inference of guilt which may justify a finding of guilty where the explanation was not satisfactory as to the possession of stolen property.

■■ Defendant next contends that Sec. 7, Art. I, of the Illinois Constitution provides that he shall be afforded a preliminary hearing prior to indictment by the grand jury. The pertinent part of the constitutional provision reads as follows:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

It is to be noted that this constitutional provision is in the alternative using the word "or." It must be given its common accepted usage, *i.e.*, a defendant may be charged by indictment "or" given a prompt preliminary hearing. In the case before us, defendant was indicted one day before the date of the preliminary hearing.

■■ Defendant made no motion for preliminary hearing and since the instant charges were initiated by two complaints on June 20, 1971, we are of the opinion that the new Constitution which came into effect on July 1, 1971, would have no effect on proceedings already in motion. However, the Supreme Court has now ruled on this. In *People v. Kent* (1972), Docket No. 44864, the court held that the 1970 Constitution, Sec. 7 of Art. I, does not bar subsequent indictment by the grand jury where no probable cause was found in the preliminary hearing. In interpreting this constitutional provision the court stated:

> "As we read the provision before us, it appears to be designed to insure that the existence of probable cause will be determined promptly either by a grand jury or by a judge."

■■ Defendant next contends that the court should not have instructed the jury on the presumption arising from unexplained possession of recently stolen property. In so doing, counsel infers that the defendant was charged with receiving stolen property, *viz.*, the boat and trailer. That is not the case. The defendant was charged with theft of these items and that instruction as to recently stolen property was a proper instruction on this issue.

■■ Defendant further contends that the court erred in giving State's

instruction No. 15 which stated that a person committed the offense of possession of a stolen motor vehicle when he was not entitled to it and has possession of it, knowing that it had been stolen. Counsel insists that this instruction should include a statement that defendant intended to permanently deprive the owner of the use or benefit of such vehicle. We do not pass on this contention, as State's Instruction No. 16 specifically included such an item as a necessary element of proof. While the two instructions are somewhat inconsistent, the jury was instructed as to the elements of proof imposed upon the State. *People v. Haynes* (1971), 132 Ill.App.2d 1031, 270 N.E.2d 63, has been cited by defendant in support of this contention. That case is not applicable as the charge there was theft and the indictment here with relation to the motor vehicle was possession of a stolen motor vehicle, knowing that it has been stolen. Under the prior law of Illinois pertaining to receiving stolen property, it was not a necessary element of proof that the defendant intended to permanently deprive the owner of possession, nor in the act in question here (Ill. Rev. Stat. 1969, ch. 95½, sec. 4—103) is the permanent deprivation of possession from the owner a necessary element. The fact that the court stated that it was not to the disadvantage of the defendant, but resulted in an additional element of proof required of the State.

■■■■ Defendant likewise objects to State's Instruction No. 9 which defined the crime of theft and says that this instruction "does not cure the error of and is in conflict with State's Instruction No. 15." There is no conflict between the two instructions. No. 15 is applicable to the indictment for possession of a stolen motor vehicle and so states. Instruction No. 9 is applicable to the indictment for theft of the motor boat and trailer. Instruction No. 9 reads as follows:

"A person commits the crime of theft who knowingly obtains or exerts unauthorized control over property of the owner, and

(1) intends to deprive the owner permanently of the use or benefit of the property; or

(2) knowingly uses, conceals, or abandons the property in such manner as to deprive the owner permanently of its use or benefit; or

(3) uses, conceals, or abandons the property knowing that the owner will thereby probably be permanently deprived of its use or benefit."

We find such an instruction containing the alternative provisions is proper. A person by his one act may intend to deprive the owner permanently of the use of his property, may do so by knowingly using, concealing the property, and may use and conceal the property knowing the owner may probably be deprived of its use or benefit.

Defendant's last contention is that the trial court erred in giving Federal Instruction 7.07 commonly known as the *"Allen"* instruction, *Allen v. United States* (1896), 164 U.S. 492, 41 L.Ed. 528, 17 S.Ct. 154, as a part of the original instructions. This is commonly known as the hung jury instruction upon which there has been considerable discussion in both the federal and state courts. The Supreme Court of Illinois has recently ruled upon this instruction where it was given to a hung jury. *People v. Prim* (1972), 53 Ill.2d 62, 289 N.E.2d 601, has set forth guide lines for the giving of this identical instruction by the court as a part of the original instructions to the jury. In *People v. Iverson* (1973), 9 Ill.App.3d 706, 292 N.E.2d 908, we specifically held, where the evidence of defendant's guilt was great, that the giving of this instruction as a part of the original series of instructions was not in error although we observed that it was not desirable. We adhere to that decision and find that in the instant case the evidence of defendant's guilt was beyond a reasonable doubt, and that such instruction was not in fact prejudicial, under the circumstances of this case. We do not approve the giving of the instruction in any future case as part of the original charge or as a supplemental instruction except as directed in *Prim*. Cases tried after *Prim* will be governed by the directions of the Illinois Supreme Court to adhere to the American Bar Association's Standard Relating to Trial By Jury, pages 145-156 (tentative draft May, 1968). The judgment of the trial court is affirmed.

Affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.