THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY W. SCOTT, Defendant-Appellant.

Fourth District    No. 4—94—0843

Opinion filed March 20, 1996.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Following a jury trial, defendant Larry W. Scott was convicted of theft of property having a value in excess of $300 in violation of section 16—1 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/16—1 (West 1992)). He was sentenced to four years in prison. On appeal, defendant argues that (1) the indictment failed to state an offense, and (2) the trial court erred in the manner in which it allowed the State to impeach him with prior convictions. We affirm.

## I. FACTS

In May 1994, a police officer investigating a burglary of Roger's Motorcycle Parts was told by the owner that several leather jackets had been stolen. One of the jackets was an unusual handmade "Country Cobbler" jacket inlaid with snakeskin.

Another investigating officer, Henry Craft, saw defendant walking down the street carrying a white plastic trash bag. The contents of the bag "appeared to be rigid in nature." After Craft drove past defendant, he saw defendant turn into a yard. Defendant then turned back out onto the street. Craft stopped defendant and asked him what was in the bag. At this point, defendant became very nervous and started to shake. Defendant told Craft there was a jacket in the bag and, at Craft's request, opened the bag for Craft to see. The bag contained a black leather jacket with snakeskin inlays matching the description of one of the jackets stolen from Roger's Motorcycle Parts. Craft arrested defendant and read defendant his *Miranda* rights. Defendant volunteered that he had found the jacket by the Red Fox food store, which is located across the street from Roger's Motorcycle Parts.

At the police station, defendant was interviewed by Officer Terry Young. Defendant again stated that he found the jacket next to the Red Fox food store. Young told defendant that area had been searched and that the jacket had not been there. Defendant then claimed that he bought the jacket from a stranger at a truck stop for $50. Young told defendant that he did not believe this either. Defendant then admitted having bought it from a man named Mike for $50. Defendant did not know Mike's last name. Defendant said he did not know the jacket was stolen, although he admitted that he got a real good deal on a jacket of that quality. Subsequent investigation revealed that Mike's last name was Buckley. Young testified that Buckley is a "street person."

Defendant was charged with theft of property having a value in excess of $300 in violation of section 16—1 of the Criminal Code. The information and indictment read:

"The STATE'S ATTORNEY of McLean County *** charges that LARRY W. SCOTT on or about the 9TH day of MAY, 1994[,] at BLOOMINGTON *** committed the offense of THEFT OVER $300.00 BY POSSESSION in that he knowingly OBTAINED CONTROL OVER STOLEN PROPERTY, A LEATHER JACKET OF ROGER'S MOTORCYCLE PARTS, KNOWING THE PROPERTY TO HAVE BEEN STOLEN OR UNDER SUCH CIRCUMSTANCES AS WOULD REASONABLY INDUCE HIM TO BELIEVE THE PROPERTY WAS STOLEN, THE VALUE OF WHICH EXCEEDED $300.00 in violation of section 5/16—1, Chapter 720, Illinois Compiled Statutes (1992)."

At trial, defendant said he had been in town visiting a friend, William Rozier. Sometime after 1 a.m., a man named Mike Buckley arrived at Rozier's home. Mike was clean-cut and casually dressed. He did not look like a street person. Mike left the house and later returned wearing the leather jacket in question. Defendant testified that Mike had no other jackets with him at the time. Mike offered to sell the jacket for $100. Defendant refused. Mike then offered to sell the jacket for $50, and defendant agreed to purchase the jacket. Mike never told defendant the jacket was stolen, and nothing led defendant to believe the jacket was stolen. Defendant then left Rozier's home. As defendant left, he noticed Mike had other jackets on the porch. At this point, Mike was trying to sell a jacket to Rozier.

Defendant said he was cutting through a yard to get to his car, but then he saw the police car drive by so he decided to get back on the sidewalk. Defendant said the policeman approached him and asked him about a burglary. Defendant said he lied about where he got the jacket because he was afraid he might be accused of committing the burglary and that he thought the lie would be a good alibi.

On rebuttal, the State impeached defendant with his 1991 misdemeanor conviction of retail theft of two Nintendo videogames from Sears, his 1992 misdemeanor conviction of deceptive practices for bouncing an $87.40 check to Wal-Mart, and his 1994 felony convictions of deceptive practices for bouncing a $615.74 check and a $953.53 check to Midas Mufflers. Defendant objected to the manner in which the impeachment had been presented to the jury.

The jury found defendant guilty, and the trial court entered a conviction on the verdict. Defendant was sentenced to four years in prison. It is from this conviction that defendant appeals.

## II. INDICTMENT

●1 Defendant first attacks his conviction on the ground that the indictment failed to state an offense since it failed to charge defendant with a culpable mental state. The statute, in relevant part, reads:

"A person commits theft when he knowingly:

\* \* \*

(4) Obtains control over stolen property knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(A) Intends to deprive the owner permanently of the use or benefit of the property; or

(B) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(C) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit[.]" 720 ILCS 5/16—1(a)(4) (West 1992).

The indictment failed to list subsection (A), (B), or (C). Section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Code) requires the charging instrument to set forth the elements of the offense charged. 725 ILCS 5/111—3(a)(3) (West 1992). This issue was not raised at trial. Defendant claims the issue is not waived, however, as the charging of a criminal offense is jurisdictional. *People v. Haynes*, 132 Ill. App. 2d 1031, 1033, 270 N.E.2d 63, 65 (1971). The State argues this issue is waived since trial counsel failed to object to the form of the indictment at the trial court level. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988).

Defendant argues that "[a]n indictment which fails to allege the requisite mental state or describe acts which indicate such mental state \* \* \* fails to charge an offense and when challenged requires that the reviewing court reverse." *Haynes*, 132 Ill. App. 2d at 1033, 270 N.E.2d at 64; see also *People v. Smith*, 7 Ill. App. 3d 350, 287 N.E.2d 509 (1972); *People v. Hayn*, 116 Ill. App. 2d 241, 253 N.E.2d 575 (1969). *Haynes, Smith,* and *Hayn* dealt with factual and legal issues virtually identical to those presented in the case at bar. However, defendant fails to recognize subsequent decisions.

When an indictment is attacked before trial, the indictment must strictly comply with the pleading requirements set out in section 111—3(a) of the Code (725 ILCS 5/111—3(a) (West 1992)). *People v. Hughes*, 229 Ill. App. 3d 469, 471, 592 N.E.2d 668, 669 (1992), citing *People v. Thingvold*, 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91-92 (1991).

"When attacked for the first time on appeal, however, the sufficiency of an [indictment] is not determined by whether its form precisely follows the provisions of section 111—3(a) of the Code. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460.) Rather, it is sufficient that the [indictment] 'apprised the accused of the precise offense charged with sufficient specificity to prepare

his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct.' (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440; see also [*People v.*] *Thingvold*, 145 Ill. 2d [441,] 448, 584 N.E.2d [89,] 91.) 'In other words, the appellate court should consider whether the defect in the information or indictment prejudiced the defendant in preparing his defense.' (*Thingvold*, 145 Ill. 2d at 448, 584 N.E.2d at 91; see also *Pujoue*, 61 Ill. 2d at 339-40, 335 N.E.2d at 440.)" *Hughes*, 229 Ill. App. 3d at 471-72, 592 N.E.2d at 669.

Defendant has waived the requirement that the indictment comply precisely with the provisions of section 111—3(a) of the Code. However, this court will still review to see if the indictment meets the appellate sufficiency test.

In *People v. Pujoue*, 61 Ill. 2d 335, 335 N.E.2d 437 (1975), the indictment failed to list one element of the crime charged, namely, that the gun in the defendant's possession was loaded. At trial, defendant stated that the gun accidentally discharged. The court found that there was no issue at trial as to whether the gun was loaded, and thus there was no prejudice to defendant's preparation of his defense.

Similarly, in the case at bar, the defendant relied upon the notion that he did not know the jacket was stolen and had not purchased the jacket under circumstances inducing him to believe that the jacket was stolen. Since defendant, in essence, claimed to be an innocent purchaser, there can be no question that he did not intend to return the jacket to its rightful owner. As such, defendant was not prejudiced in the preparation of his defense. Additionally, we note that the mental state was included as a part of the jury instructions and that the jury could not have convicted defendant unless it found, beyond a reasonable doubt, that defendant had one of the requisite mental states.

This leaves for determination the question whether the complaint was sufficient to plead in bar of a future prosecution. *Pujoue*, 61 Ill. 2d at 339, 335 N.E.2d at 440. Looking to the complaint and to the record (*People v. Jones*, 53 Ill. 2d 460, 464, 292 N.E.2d 361, 363 (1973)), we find that defendant is clearly protected from a subsequent prosecution for the same offense.

■ Defendant argues, in the alternative, that trial counsel was ineffective for failing to raise this issue at trial. Allegations arising from matters of judgment or trial strategy will not support a claim of ineffective assistance of counsel. *People v. Brooks*, 251 Ill. App. 3d 927, 934, 623 N.E.2d 1380, 1386 (1993). We consider trial counsel's failure to challenge the sufficiency of the indictment a matter of trial

strategy. Defense counsel had all the information he needed to prepare the defense. It was logical not to educate the prosecutor as to what she needed to prove. As noted above, the indictment was not fatally defective.

## III. IMPEACHMENT

Defendant next argues that he was improperly impeached with evidence of his prior convictions. On rebuttal, the State offered evidence of defendant's prior convictions. Defendant objected to this evidence but his objection was overruled. Defendant then argued that the only proper way to offer this evidence was through a certified copy of the convictions. The court disagreed and took judicial notice of the prior convictions. Defendant asked the court not to allow the jury to see the court files, and that instead the court should "tell the jury the offenses and the dates" of the prior convictions. The court instructed the jury that the evidence of prior convictions was to be considered only to determine defendant's credibility. The court then proceeded to tell the jury about the convictions. The first was a 1991 retail theft misdemeanor conviction in which defendant attempted to convey two Nintendo games to Sears, the rightful owner of the games, in exchange for money. The second was a deceptive-practices-under-$150 misdemeanor conviction in which defendant had written a bad check for $87.40 to Wal-Mart. The third was a deceptive-practices-over-$150 felony conviction in which defendant had written bad checks for $615.74 and $953.53 to Midas Muffler Company.

Before and after the trial judge told the jury of defendant's prior convictions, he instructed the jury that this evidence could only be used in determining defendant's credibility. The judge used language similar to Illinois Pattern Jury Instructions, Criminal, No. 3.13 (3d ed. 1992) (hereinafter IPI Criminal 3d), which was later submitted to the jury in this case. While the judge is not required to give the jury this instruction at the time the evidence is presented, we believe that it is the better practice to do so. See *People v. Roe*, 228 Ill. App. 3d 628, 635-36, 592 N.E.2d 596, 601 (1992); *People v. Denny*, 241 Ill. App. 3d 345, 360-61, 608 N.E.2d 1313, 1324 (1993); IPI Criminal 3d No. 3.14, Committee Note, at 85 ("At the time the evidence which is the subject of this instruction is first presented to the jury, the Committee recommends that an oral instruction should be given to explain to the jury the limited purpose of this evidence, unless the defendant objects to that instruction").

Following a short recess, defense counsel objected to the form in which the prior convictions had been presented to the jury and moved for a mistrial. The basis for the mistrial was that the court gave the

jury the details of the convictions; of primary concern to defense counsel was the fact that the trial court revealed the names of the victims. The trial court denied the motion.

■ On appeal, defendant argues:

"[A] prior conviction can be proved only by the record or an authenticated copy showing the caption, the return of the indictment in open court by the grand jury, the indictment and arraignment of the defendant, the impaneling of the jury and its verdict or the waiver of the jury, and the final judgment of the court." *People v. Dudley*, 217 Ill. App. 3d 230, 233, 576 N.E.2d 1110, 1112 (1991), citing *People v. Lindsey*, 148 Ill. App. 3d 751, 760, 499 N.E.2d 715, 721 (1986).

See also *People v. Lane*, 400 Ill. 170, 173, 79 N.E.2d 65, 66 (1948); *People v. Moore*, 72 Ill. App. 3d 462, 464, 391 N.E.2d 139, 141 (1979). We do not agree that this is the *only* way a defendant can be impeached by his prior convictions. Under some circumstances, the court may take judicial notice of a conviction and dispense with the formalities that would be required if the defendant denied the conviction had occurred or that he was actually the person convicted. *People v. Davis*, 65 Ill. 2d 157, 165, 357 N.E.2d 792, 796 (1976). All of the convictions introduced in this case occurred in McLean County. As such, they were "facts 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy.'" *Davis*, 65 Ill. 2d at 165, 357 N.E.2d at 796. The trial court acted properly in taking judicial notice of defendant's prior convictions.

Defendant argues that the reading of the "details" of the offenses was not necessary to perfect the impeachment and that the details were "prejudicial far beyond any probative effect they would have possessed." By details, defendant means the names of his previous victims. We see no harm in those details. Perhaps the trial court should not have told the jury in this theft case that defendant had previously been convicted of theft and deceptive practice. Nevertheless, defendant requested the trial court to "tell the jury the *offenses* and the dates." (Emphasis added.) Defendant did not object while the judge read the charges to which defendant had pleaded guilty. We agree a better alternative might have been available. In *People v. Kunze*, 193 Ill. App. 3d 708, 728-36, 550 N.E.2d 284, 297-303 (1990) (Steigmann, J., specially concurring), it was noted that telling the jury of the mere fact that defendant was convicted is the best way to impeach a defendant with his prior convictions. However, while the method used at trial may not have been the best alternative, the method used is not error. See *People v. Thomas*, 220 Ill. App. 3d 110,

118, 580 N.E.2d 1353, 1359 (1991). Perhaps it was better for the defendant for the jury to know he had been convicted of theft and deceptive practice rather than to speculate that he had been convicted of something like armed robbery or murder.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.