THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRVINE JABINE, Plaintiff in Error.

*Opinion filed December 23, 1926.*

1. PROHIBITION—*section 33 of Prohibition act does not violate constitutional provision as to title of act.* Section 33 of the Prohibition act, fixing penalties for its violation, does not contravene the constitutional provision that an act can have but one subject which must be expressed in its title, as the general purpose of the act is to restrict the use of intoxicating liquor and the means of accomplishing that purpose by prescribing penalties to enforce it is a necessary incident, and it is unnecessary to mention in the title of the act that penalties are provided for its enforcement.

2. SAME—*what necessary to show prior conviction upon indictment in county court.* In a prosecution in the circuit court for an alleged second violation of the Prohibition act where the prior conviction was upon a plea of guilty to an indictment in the county court, it is error to admit in evidence the record of the judgment of the county court without showing the organization of the circuit court, the impaneling of the grand jury, the returning of the indictment into open court by the grand jury, the indictment, the certifying of the indictment to the county court for process and trial and the organization of the county court, as these are indispensable parts of the record to show the conviction upon indictment in the county court.

3. SAME—*prior conviction must be established by proper evidence.* Section 33 of the Prohibition act requires the pleading of the prior conviction in the indictment where the prosecution is for a second offense, and in order to sustain a conviction for the second offense the prior conviction must be established by proper evidence.

4. SAME—*submission of a single form of verdict is improper where defendant is charged with second offense.* In a prosecution

before a jury for an alleged second violation of the Prohibition act it is error to submit to the jury a single form of verdict requiring them to find the defendant guilty or not guilty without requiring a finding on each of the two issues presented,—the commission of the alleged offense and the prior conviction of a like offense,—as the defendant, before being penalized for a second offense, is entitled to a finding on the question of his prior conviction. (*People* v. *Lawrence,* 314 Ill. 292, distinguished.)

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. WALTER C. FRANK, Judge, presiding.

GEORGE W. SPRENGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and B. RAY SENIFT, State's Attorney, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error prosecutes this writ of error to review the judgment of the circuit court of Fulton county finding him guilty of a second violation of section 33 of the Prohibition act and sentencing him to pay a fine of $1500 and to imprisonment in the State penitentiary. He contends that the judgment should be reversed for the following reasons: (1) Section 33 contravenes section 13 of article 4 of the constitution; (2) the People failed to prove a former conviction of violation of the act; and (3) the court failed to instruct the jury properly as to the form of verdict.

In support of the first point, it is contended that section 33 creates a felony theretofore unknown to the law of this State and that this subject is not expressed in the title of the act. The title is, "An act to restrict the manufacture, sale, transportation, possession and use of intoxicating liquor, aiding thereby in establishing uniformity in State and Federal laws in regard thereto." The general purpose of the constitutional provision that no act shall embrace more

than one subject, which shall be expressed in the title, is accomplished when a law has but one general subject which is fairly indicated by its title. Section 33 prescribes the penalty for violating the provisions of the act and is therefore germane to the subject matter with which the act deals. The general purpose of the act being to restrict the use of intoxicating liquor, the means of accomplishing that purpose by prescribing penalties to enforce it is a necessary incident. It has been uniformly held that the title of an act need not be an index and that it is unnecessary to mention in the title that penalties are provided for its enforcement. *State* v. *Milauskas,* 318 Ill. 198; *People* v. *Stacker,* 322 id. 232.

The indictment charged that plaintiff in error was convicted in the county court of Fulton county December 18, 1923, of the crime of unlawfully selling intoxicating liquor, and to support this charge the People offered in evidence the record of the judgment of the county court. This record shows that plaintiff in error entered a plea of guilty to an indictment charging him with unlawfully selling intoxicating liquor and that he was sentenced to pay a fine of $250. The only way the county court can obtain jurisdiction to try a person accused by indictment is under section 120 of the County Court act, which gives the circuit court power to certify to the county court for process and trial indictments charging offenses cognizable in the county court. There is no proof in this record of the organization of the circuit court, the impaneling of the grand jury, the returning of the indictment into open court by the grand jury, the indictment, the certifying of the indictment to the county court for process and trial, or the organization of the county court. These are indispensable parts of the record to show the conviction in the county court, (*Kirby* v. *People,* 123 Ill. 436; *Bartholomew* v. *People,* 104 id. 601;) and it was error to admit in evidence the record of the judgment of the county court without proving the preliminary

steps necessary to the entry of a valid judgment. Section 33 of the Prohibition act requires the pleading of the prior conviction in the indictment where the prosecution is for a second offense, and in order to sustain a conviction for the second offense the prior conviction must be established by proper evidence. *State* v. *Findling,* 123 Minn. 413, 49 L. R. A. (n. s.) 449; *People* v. *Sickles,* 156 N. Y. 541, 51 N. E. 288.

The court instructed the jury that if they found the defendant guilty the form of their verdict should be: "We, the jury, find the defendant guilty of selling intoxicating liquor in manner and form as charged in the ....... count or counts of the indictment, and we find the age of the defendant to be ....... years," the blank spaces to be filled in accordance with their findings. The jury found plaintiff in error guilty under the third and fourth counts of the indictment. Each of these counts charged that he illegally sold intoxicating liquor July 26, 1925, and that he had theretofore been convicted of the same offense. Under these counts two issues of fact were presented to the jury: First, whether plaintiff in error made the sale charged; and second, whether he had theretofore been convicted of a like offense. In order to justify the sentence imposed upon him by the judgment of the court it was necessary for the jury to find affirmatively on both these issues. The fact that plaintiff in error had been previously convicted of violating the Prohibition act could not be considered by the jury in determining whether he made the sale charged in the indictment. The prior conviction was not an element of the crime of selling intoxicating liquor but was separate and distinct from the crime charged in the indictment. The only purpose in charging and proving the prior conviction was to determine the amount of punishment to be inflicted for the second offense. A general finding of guilty without a specific finding that the accused has theretofore been convicted of a like crime must be treated as an acquittal of

the charge of prior conviction. (*People* v. *Eppinger*, 109 Cal. 294, 41 Pac. 1037.) The court should have submitted to the jury forms of verdict which would have left to them the determination of both questions of fact presented by the indictment. The submission to the jury of a single form of verdict to be used by them in the event they found the defendant guilty, by implication withdrew from the jury the issue whether he had been previously convicted and left them a choice of deciding that he was guilty of the second offense or not guilty. This was error. (*Watson* v. *People*, 134 Ill. 374.) Where the additional fact which aggravates the crime and makes the punishment for the aggravated crime more severe is an essential element of the aggravated crime, a general verdict of guilty carries with it an affirmative finding on all the facts necessary to authorize a judgment for the higher penalty, (*People* v. *Pleitt*, 308 Ill. 323; *People* v. *Hildebrand*, 307 id. 544;) and where under an indictment charging a second offense there is a trial before a judge without a jury, and the judge fixes a punishment justified only by a finding of guilty of the second offense, a general finding of guilty is sufficient, because it will be presumed that the judge found the facts necessary to warrant the sentence imposed by him. (*People* v. *Lawrence*, 314 Ill. 292.) These cases, however, are clearly distinguishable from the case at bar, for the reason that the question of prior conviction was a question of fact which must be found by the jury, and the only way to show that they found this issue of fact against the defendant was for them to make the finding in their verdict.

The judgment is reversed and the cause is remanded to the circuit court of Fulton county.

*Reversed and remanded.*