(No. 24783.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD DABBS, Plaintiff in Error.

*Opinion filed December 15, 1938—Rehearing denied Feb. 14, 1939.*

HAROLD L. LEVY, (EDWARD M. KEATING, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

The defendant, Howard Dabbs, was convicted in the criminal court of Cook county of the infamous crime against

nature upon and with one George Hughes, and the cause is before this court on writ of error.

The record shows that the prosecuting witness, Hughes, was about seventeen years of age and in the eighth grade at school; that he had run away from home on several occasions; that on March 28, 1937, he left home and in the afternoon of the following day came to the office of defendant, a practicing physician about fifty-two years of age, whom he knew slightly. He informed defendant that he was away from home and Hughes said the doctor then asked him to live with him. The doctor was a single man and lived at his office, which consisted of a suite of four rooms, one of which was used as a bedroom. Hughes stayed with defendant about eleven days.

The record has been examined with care. The testimony is of such a repulsive character as to be unfit for publication. It is enough to say that under the facts proved by the People, if true, plaintiff in error was guilty of the crime charged. Hughes, the principal witness, by his own admission, was guilty of the same offense. Plaintiff in error denied the charge, but there was evidence in the record that tended to corroborate Hughes and discredit plaintiff in error.

Defendant first contends that his conviction cannot be sustained for the alleged reason that it rests on the uncorroborated testimony of an accomplice. Such, however, is not the law of this State. While it is true that the testimony of an accomplice is liable to grave suspicion and should be acted upon with great care and caution, having in mind the purpose or motive of the witness and considering as well the influence under which such testimony is given, yet the uncorroborated testimony of an accomplice is legally sufficient to sustain a conviction, the proof being clear and the case being otherwise free from substantial error. *Honselman* v. *People,* 168 Ill. 172; *People* v. *DeRose,* 359 id. 512; *People* v. *Piech,* 333 id. 293.

In a case involving the offense here charged, it should be borne in mind that it is one ordinarily incapable of being proved except by an accomplice. The bestial nature of the act conclusively stamps it as one that would be known only to the participants. The jury was carefully instructed upon the weight to be given to the testimony of the prosecuting witness, Hughes. It had the advantage of seeing the witnesses and of hearing them testify. It was better able than we to judge the truth or falsity of the testimony given.

We have carefully considered the evidence in the record, and find it sufficient to support the verdict.

The defendant next asserts that the trial court committed reversible error in the giving of People's instruction No. 7 which was as follows: "Reasonable doubt, referred to in these instructions is such that were the same kind of a doubt interposed in the graver transactions of life it would cause a reasonable and prudent man to hesitate and pause. If, after considering all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt."

This was the only instruction given which attempted to define "reasonable doubt." While we have frequently said, in substance, that the term "reasonable doubt" is self-explanatory and is its own best definition of the idea intended to be conveyed by its use, yet no case has been called to our attention where a given instruction on the subject in language similar to that used in the instant instruction has been deemed sufficient to warrant the reversal of a judgment on that ground alone, nor do we consider that the rights of this defendant were prejudiced by this instruction.

Our attention is called to two instructions tendered by the defendant which the court refused to give and which it is claimed constituted error. We have read all the instructions, both given and refused, and our considered opinion is that the language of the given instructions was sufficient to embrace the subject matter of the two refused and that

the refusal of the trial court to give the instructions complained of did not constitute error.

We have given consideration to all other questions raised and argued by the defendant but, finding no reversible error in the record, the judgment of the trial court is affirmed.

*Judgment affirmed.*