(No. 30441.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD LANE, Plaintiff in Error.

*Opinion filed March 18, 1948—Rehearing denied May 13, 1948.*

CHESTER THOMSON, and HOMER ENGLISH, both of Bloomington, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, (EMERSON M. WILLIAMS, State's Attorney, of Clinton, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error, Bernard Lane, and his brother Adrian Lane, were jointly indicted in September, 1945, by the grand jury of De Witt County, on the charges of larceny and burglary. On a trial by jury in the circuit court of De Witt County, Bernard Lane was found guilty of grand larceny of goods valued at $20.30 and was sentenced to the penitentiary for a period of not less than twelve nor more than fourteen months. He has sued out this writ of error to review his record of conviction. Adrian Lane, who is not a party to this review, entered a plea of guilty and made application for probation, which matter was pending at the time of plaintiff in error's trial. The errors urged for reversal are that the trial court erred in admitting illegal and prejudicial evidence over the objection of the plaintiff in error; that the court erred in instructing the jury; and that the verdict is manifestly against the weight of the evidence.

The evidence shows that the farmhouse of Charles Canfield, an incompetent, who was hospitalized at the time of the crime, was broken and entered during the night of April 6, 1944, and a considerable amount of tools, household effects and canned fruit was taken. Kenneth Booker,

Hubert Owens and David Campbell, called on behalf of the People testified that they, in concert with plaintiff in error and his brother, Adrian Lane, broke and entered the house and took the property. The substance of their testimony is that during the night they made three trips to the Canfield house hauling the property away, that plaintiff in error accompanied them on the last two. Some of the tools had Canfield's name stamped upon them. These, with a few other articles identified as a part of the loot, were introduced in evidence and shown to be worth $20.30. Previous to plaintiff in error's trial, Booker, Owens and Campbell pleaded guilty and were placed on probation. Prior to the time of the trial, Adrian Lane had pleaded guilty and asked for probation. It had not been acted upon at the time of this trial. He testified on behalf of his brother.

Plaintiff in error testified that he was engaged at the ordnance plant at Illiopolis on the night in question, working a shift ending at one o'clock in the morning. He testified that he drove his car to work and hauled other laborers who lived in and near his home, that on the morning in question, as he was returning, he had trouble with his car and his return home was delayed until after 4 o'clock, which was after the time the property was taken from the home. There was some corroboration by witnesses who were passengers riding with him.

At the close of all the evidence counsel for the People introduced into evidence, over objection, a certified copy of a record of conviction of one Bernard Lane in the circuit court of McLean County of the crime of larceny in 1938. Attached to this record were copies of the defendant's application for probation; report of the probation officer and his recommendation that probation be denied Bernard Lane; and the court's approval of the officer's report. Plaintiff in error contends that the admission of this exhibit in evidence was prejudicial error.

At common law one who had been convicted of an infamous crime was not a competent witness at his own trial or the trial of another. The statute which removes this disability (Ill. Rev. Stat. 1945, chap. 38, par. 734,) provides that no person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime, but such interest or conviction may be shown for the purpose of affecting his credibility. It is contended that the admission of the report of the probation officer and his recommendation that it be denied as a part of the record of former conviction was more than was necessary to prove former conviction and was prejudicial.

In the absence of any statutory provision as to what is necessary to prove prior conviction, the rule must be as at common law. (*Kirby* v. *People,* 123 Ill. 436.) In the case cited it was held that to establish a prior conviction it was necessary to prove by record or certified copy, the caption, the return of the indictment into open court by the grand jury, the indictment, the arraignment of the defendant, the record of the impaneling and the verdict of the jury, or if he waives a jury and is tried before the court without a jury, the finding of the judge, and the judgment of conviction. (Also, see *People* v. *Novak,* 343 Ill. 355; *People* v. *Jabine,* 324 Ill. 55; *People* v. *Andre,* 295 Ill. 445; *Bartholomew* v. *People,* 104 Ill. 601.) The report of the probation officer and his recommendation of denial were not a part of the record of former conviction and the admission of such matters in evidence might well have prejudiced the jury against plaintiff in error. It could be given the effect of extending the role of a transcript of a prior conviction beyond its one function of weighing defendant's credibility as a witness.

Plaintiff in error has also assigned error relating to the evidence and the instructions, which questions, the People

contend, have not properly been preserved for review. Since we are of the opinion that prejudicial error occurred necessitating a retrial of this cause before a new jury, it would unnecessarily extend this opinion to discuss the further points raised. An orderly conduct of trial with proper attention to the admission of evidence and instruction of the jurors, will eliminate the further questions raised by this record.

The judgment of the circuit court of De Witt County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*