(No. 36786.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES ARNOLD, Plaintiff in Error.

*Opinion filed March 22, 1963.*

RONALD F. GROSSMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RONALD W. OLSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, James Arnold, upon being tried by a jury in the criminal court of Cook County, was found guilty of armed robbery and was sentenced to the penitentiary for a term of two to six years. He prosecutes this writ of error for review, contending that his identity was not proved beyond a reasonable doubt, and that he was denied a fair trial when the subject of narcotics came to the attention of the jury.

Around 2:30 A.M. on December 2, 1960, Charles Smith, a taxi driver, picked up three men in the vicinity of Rhodes and Cottage Grove avenues in the city of Chicago and drove them to an address which turned out to be the last house on a dead-end street adjacent to a railroad right-of-way. Upon arriving there one of the men drew a gun, after which Smith was searched and $27 taken from his person, then he was forced to remove his clothing. The men then ran around a building and when Smith fol-

lowed he found his clothing in back of the structure and also arrived in time to see the men run to Cottage Grove Avenue and turn south. After putting on his clothing Smith followed in the same direction and, as he reached the corner of 35th Street and Cottage Grove, saw defendant, whom he recognized as one of the robbers, come out of a tavern. He shouted at defendant, but said that the latter walked away fast.

Smith commandeered a passing cab, explained what had happened, and followed defendant for several blocks until a police car was encountered. After informing the officers of the occurrence, Smith transferred to the police car and defendant was arrested two blocks away. The squad car was then driven back to the tavern to see if the other robbers were there and, in the dim light of a washroom, Smith tentatively identified another man as one of his assailants. However, upon seeing the man in a better light he conceded he couldn't make an identification but stated he was positive about defendant. The other men were never apprehended.

Defendant, supported by his sister, interposed an alibi that he had spent the night up to 1:00 A.M. baby-sitting with his sister's children, and also introduced into evidence a transportation system transfer to support his testimony that he had been riding either upon an elevated train or a bus at or about the time the crime was reported to have been committed. The latter evidence, however, lost much of its vitality upon cross-examination when defendant sought to explain how he still had in his possession a transfer he had purportedly used, and his reason for being in the neighborhood where he was apprehended.

The choice between the conflicting testimony was for the jury to make, and we see nothing so unbelievable or inherently improbable in the testimony of the complaining witness as would justify our interference with the jury's determination. (*People* v. *Flowers*, 14 Ill.2d 406.) It is

more than clear that Smith had a prolonged and favorable opportunity to see the defendant both during the taxi ride and the robbery, and he was at all times unshaken in his identification of defendant as one of the guilty parties. The testimony of one witness is sufficient to convict, if it is positive and credible, even though it is contradicted by the accused. *People* v. *Solomon,* 24 Ill.2d 586; *People* v. *Cox,* 22 Ill.2d 534.

Largely at the insistence of defendant's counsel there was admitted into evidence, by agreement, a police report, (referred to as a "Captain's Report,") wherein the circumstances of defendant's arrest and handling were detailed. Concluding remarks noted that defendant was a "known narcotic addict," and that he had "cleared B. of I. in narcotics section," and it is now contended that to permit these remarks to go before the jury was prejudicial error which denied him a fair trial. However, defendant is in no position to complain. Having agreed to the admission of the report into evidence, and having failed to move that the objectionable parts be deleted, any error with respect to the admissibility and effect of such evidence has been waived. Cf. *People* v. *Luckett,* 24 Ill.2d 550; *People* v. *Trefonas,* 9 Ill.2d 92.

Another isolated and apparently inadvertent reference to narcotics occurred when the prosecutor, in connection with an issue over the precise time the robbery occurred, inquired of a witness whether he had given certain testimony at a prior hearing in "Narcotic Court." It is now claimed that this reference was also prejudicial error but, once again, no objection thereto was ever raised at the trial. Moreover, in the present case, even if it were to be conceded the remark was deliberate on the part of the prosecutor, it could hardly be deemed reversible error in light of defendant's later acquiescence in the introduction of the evidence which stated he was a known narcotics addict.

298

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*