THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD PORTER, JR., Defendant-Appellant.

(No. 11843; )

Fourth District—August 9, 1973.

TRAPP, J., dissenting.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Defender of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, and James W. Jerz and Betty Compbell Wolf, of Model District State's Attorneys Office, of Elgin, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The defendant, Richard Porter, Jr., was convicted of the unlawful sale of a narcotic drug in violation of Illinois Revised Statute, chapter 38, paragraph 22—3.

The offense arose out of the sale of four capsules of heroin to an addict-informer on September 30, 1969. Three special agents of the Illinois Bureau of Investigation, which employed the informant, testified that they searched him and his car, gave him $20 and then followed him to the defendant's home. The agents observed the informant enter the house where defendant lived with his mother and soon emerge accompanied by the defendant. The informant then departed and turned four capsules of heroin over to the agents. The agents testified that the informant was in their view at all times except the minute or two while he was in the de-

fendant's home and that he was not close enough to any other persons to have received the narcotics.

Defendant's mother testified that she answered the door when the informant came and that he and her son then went outside to talk. The informant testified that when he entered the house he saw no one other than the defendant who gave him four capsules of heroin in exchange for $20.

The defendant contends that he was not proved guilty beyond a reasonable doubt since the only evidence against him was based on the testimony of an addict-informer.

The testimony of an addict-informer is to be viewed with great suspicion and the general rule is that a narcotics conviction may not rest on the uncorroborated testimony of such a person. (*People v. Bazemore*, 25 Ill.2d 74, 182 N.E.2d 649.) However, that case and others cited by the defendant involved a situation where there was minimal police surveillance of the transaction to corroborate such testimony, generally where the informant made the purchase in a public place such as a pool hall so that "* * * the informer was at liberty to name almost any person he wished to select as the guilty one." 25 Ill.2d, at 77.

■ ■ Testimony of an addict-informer may be believed, especially when it is corroborated by other witnesses. (*People v. Smith*, 40 Ill.2d 501, 241 N.E.2d 185.) Convictions may be affirmed where the actual exchange was not witnessed if attendant circumstances lend credence to the informer's testimony. (*People v. Hill*, 83 Ill.App.2d 116, 227 N.E.2d 117.) In the instant case, the addict-informer's testimony is credible under the surrounding circumstances and where the trier of fact saw and heard the informant's testimony, this court will not substitute its judgment on the matter of credibility of the testimony and the weight to be given it.

■ ■ The defendant raises the issue of undue restriction on his cross-examination of the addict-informer as to the informant's recent involvement with narcotics and any additional convictions since the ones previously disclosed, and the state's failure to disclose a 1970 conviction for the sale of a non-narcotic substance as a narcotic. The state had disclosed and fully brought out at trial that the informant had four earlier convictions and was a former user and addict of narcotics. Therefore, the non-disclosure of the 1970 offense which occurred after the controlled sale to defendant Porter and to which the informer plead guilty and received six years probation before defendant Porter's trial began, would not greatly affect the jury's evaluation of the informant's credibility, nor would it constitute the knowing suppression of evidence favorable to the defendant as condemned in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct.

1194, 10 L.Ed.2d 215. This issue need not be pursued further since we have determined that other grounds require a new trial.

During the state's attorney's redirect examination of the addict-informer, the following exchange took place:

"Q. With respect to your work for the Illinois Division of Narcotics, Mr. Wesley, were you—did you cut yourself into Mr. Horton, Cornbread?

A. I did.

Q. And did you cut yourself into any other subjects with respect to the sale of narcotics?

A. I did.

Q. And these were in 1969, is that correct?

A. Right.

Q. Did you cut yourself into Richard Porter?

A. I did.

Q. Was Richard Porter a pusher?

MR. CASPER: Your Honor, I object to this line of questioning.

THE COURT: The objection is overruled. Proceed. Answer the question.

A. At this particular time he was.

MR. LOCHER: He was?

A. (No audible answer. Witness nods his head.) I would like to—.

THE COURT: You have answered the question. That's all. Proceed."

The defense later made an oral motion to strike the question and answer as to whether the defendant was a "pusher." The court denied the motion saying there was no objection made at the time the question was asked and answered. The court approved the agreement reached by the state's attorney and the defense counsel that the state's attorney would not use the term "pusher" before the jury except with reference to the particular occurrence giving rise to the case being tried.

The state argues that because the testimony was adduced while establishing how the addict-informer happened to know who to approach for narcotics and came to be in a position to be trusted by such persons, that the evidence is proper because not elicited for purposes of showing a propensity in the defendant to commit the offense. In support of that argument, the state cites *People v. Cole*, 29 Ill.2d 501, 194 N.E.2d 269, where evidence of prior sales of narcotics by the defendant to a federal agent was approved where the prior transaction explained and lent credence to the otherwise unrealistic circumstances of the controlled pur-

chase. However, in the instant case, the addict-informer had already disclosed the history and background of his personal familiarity with the people involved with narcotics in Springfield, and unlike in *Cole*, where a very large purchase was made, the purchase of four capsules by such a person is very plausible.

■■ Generally, unless evidence of other crimes relates to one of the specific exceptions defined by Illinois case law, for example: motive, intent, knowledge, or identity, such evidence should not be admitted at a trial. (*People v. Cage*, 34 Ill.2d 530, 216 N.E.2d 805.) If testimony of narcotics offenses on other occasions has no probative value except to show a propensity on the part of the defendant to commit that kind of crime, such testimony is inadmissible and prejudicial. (*People v. Meid*, 130 Ill. App.2d 482, 264 N.E.2d 209.) In any event, labelling the defendant a "pusher" is much more than merely testifying to an earlier transaction involving narcotics. That label implies that the defendant was a professional seller of narcotics, engaged in that unsavory occupation for a substantial period of time. Under the circumstances, it was prejudicial error sufficient to deny defendant a fair trial.

The defendant also raises the question of the propriety of the 14 to 17-year sentence which was later commuted by executive clemency to 5 to 10 years. A stipulation has been filed pursuant to an order of this court stating that the four capsules contained less than 30 grams of heroin. Therefore, if a new trial should result in conviction, the sentence would be controlled by the new Illinois Controlled Substances Act which has reduced the penalty for sale of heroin under 30 grams. Ill. Rev. Stat. 1971, ch. 56½, par. 1401(a)(b).

The judgment of the circuit court of Sangamon County is reversed and this cause remanded for a new trial. .

Reversed and remanded.

CRAVEN, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting:

I dissent from the reversal and remandment for new trial for the reason that the case went to the jury in the posture specifically insisted upon by counsel. In his motion to strike the question and answer, counsel expressly stated that he did not wish to have the jury admonished to disregard the answer. In so far as the verdict found is concerned, granting of the motion to strike the question and answer by the court would be meaningless in the absence of an admonition to the jury.

The answer, "At this particular time he was" (a "pusher"), at the most

is equivocal. This is demonstrated by the fact that defendant's counsel agreed that the State's Attorney could use the term "pusher" in referring to the particular sale charged during the latter's argument.

The cause should be remanded only for the purpose of sentence under the statute now in effect. *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.