THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY DUANE SPENARD, Defendant-Appellant.

Fourth District   No. 13395

Opinion filed March 31, 1977.

CRAVEN, P. J., dissenting.

Hamm, Hanna & O'Brien, of Peoria (E. Michael O'Brien, of counsel), for appellant.

Roger W. Thompson, State's Attorney, of Lincoln, for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On September 26, 1974, a burglary occurred on the premises of the Lincoln Pet Shop and Monument Company. A cylindrical floor safe was broken into and between $3000 and $4000 in cash, a coin collection, and travelers checks were stolen. The manager of the business gave the

Lincoln police the names of all ex-employees who would have known the combination of the safe, including Janet Ware. Upon questioning, Janet Ware confessed to her participation in the burglary and implicated the defendant and another person she did not know.

Several Lincoln policemen testified regarding the physical evidence obtained at the site of the crime and as to the discovery of the burglary. Janet Ware then took the stand after being granted immunity and testified to the defendant's participation in the crime. She testified that on the evening of September 26, 1974, she, her husband, and her two children were at home when her sister, her sister's husband (the defendant), and another couple arrived. Her husband went to bed. After leaving to procure some liquor, the defendant and the other man returned and asked Mrs. Ware to accompany them to the Lincoln Pet Shop and Monument Company because they had broken into the premises and needed Mrs. Ware to open the safe. Mrs. Ware testified that the defendant had visited her at the business while she was employed there and had, on prior occasions, asked her about the security systems used and whether or not she knew the combination to the safe.

Mrs. Ware accompanied the defendant to the premises of the pet shop, entered the building on her hands and knees, opened the safe for the defendant and his friend, and then returned to the parked car. The three burglars then returned to Mrs. Ware's home where the spoils were divided. When the women remaining at the Ware home asked where she and the two men had been, a story was fabricated to explain their absence during the burglary.

The testimony of Janet Ware was the only evidence implicating the defendant in the commission of the burglary and theft. No physical evidence was found which connected him either to the scene of the crime or to its commission. No fingerprints were found, and tool marks removed from the safe were not found to match any tool found by the police. Janet Ware's testimony was corroborated by her remembrance of many of the physical details of the burglary, such as the condition of the safe before and after she arrived on the scene, the physical condition of the building, such as locks being punched out of the doors, and the testimony of her husband, who corroborated her testimony regarding the arrival of the defendant and his party. On cross-examination, defense counsel brought out certain inconsistencies between the statement Janet Ware gave to the police upon her confession and her testimony at the trial. These included the minor points of whether she was on the front porch or already in the car when the defendant informed her she was needed to open the safe, whether both the defendant and the unidentified coconspirator returned to the Ware home to bring Mrs. Ware to the scene of the burglary, and whether the coverup story to explain the

disappearance of Mrs. Ware and the defendant was told before or after Mrs. Ware left her home that evening.

Defendant was indicted for burglary and theft and, following a jury trial, was convicted for those offenses. A codefendant was also indicted but the indictment against him was severed for trial. Defendant was sentenced to a term of imprisonment of not less than 5 nor more than 15 years. Defendant appeals, first arguing that he was not convicted beyond a reasonable doubt.

■■ Defendant's reasonable doubt argument is based on the fact that the only testimony of his culpability was given by his alleged accomplice, Janet Ware. Even though Ware's testimony concerning the actual burglary was corroborated only by her memory of the physical details of the burgled premises which could have been learned after the fact, even uncorroborated testimony of an accomplice may support a conviction. (*People v. Dabbs* (1938), 370 Ill. 378, 19 N.E.2d 175; *People v. Nastasio* (1963), 30 Ill. 2d 51, 195 N.E.2d 144, *cert. denied*, 377 U.S. 911, 12 L. Ed. 2d 181, 84 S. Ct. 1174.) That Janet Ware was confused as to certain minor details such as the places and times of conversation between her and the defendant does not change the viability of her testimony because such confusion affects only her credibility. The credibility of witnesses is for the jury. *People v. Yonder* (1969), 44 Ill. 2d 376, 256 N.E.2d 321, *cert. denied*, 397 U.S. 975, 25 L. Ed. 2d 270, 90 S. Ct. 1094.

The defendant testified as an alibi that on the evening in question he and his wife were at his sister's house for dinner. This testimony was corroborated by the testimony of his sister and also of a friend of the family who was also present at the sister's home that evening. On cross-examination, the defendant was asked about his answer to the State's discovery motion. In that answer, which was verified by the defendant, the name of Judy Spenard, the defendant's wife, was listed as a witness. Mrs. Spenard was never called to testify. In the opening portion of his closing argument, the prosecutor stated:

"We have to prove our case as you were told right from the beginning beyond a reasonable doubt. That means simply what it say [*sic*], beyond a reasonable doubt. I am going to sit down now but before I do so, I would like defense counsel to tell you and explain to you why Judy Spenard didn't testify in this case."

Defense counsel made no reference to this point in his closing argument. For rebuttal argument, the prosecutor stated that since defense counsel had not accepted his suggestion to explain why Judy Spenard was not called, he would make no further argument.

Defendant maintains that these comments by the prosecutor constituted reversible error. Under somewhat similar circumstances, the supreme court affirmed a conviction in *People v. Blakes* (1976), 63 Ill. 2d

354, 348 N.E.2d 140. There, as here, defendant testified that he was at places other than the scene of the crime throughout the time in which the crime was claimed to have been committed. He did not call several persons whom he stated in cross-examination that he had seen at a tavern where he said he was at the time of the offense. In the opening portion of his closing argument, the prosecutor commented that these persons had not been called by defendant. The defense then responded that these witnesses might not remember the occurrence. In reply the prosecutor told the jury that the prosecutor had the burden of proving defendant's guilt but that the jury might consider that defendant did not call these persons to testify.

The supreme court affirmed the conviction in *Blakes*, quoting from *People v. Williams* (1968), 40 Ill. 2d 522, 528, 240 N.E.2d 645, 649, *cert. denied*, 393 U.S. 1123, 22 L. Ed. 2d 129, 89 S. Ct. 1004:

> " '[I]t is our conclusion that though failure to call a witness or produce evidence may not be relied on as substantial proof of the charge, nonetheless, if other evidence tends to prove the guilt of a defendant and he fails to bring in evidence within his control in explanation or refutation, his omission to do so is a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecution.' " 63 Ill. 2d 354, 359-60, 348 N.E.2d 170, 174.

■■■ The instant case differs from *Blakes* in that there the prosecutor prefaced his comments on the failure of the defendant to call certain witnesses by stating that the burden of proof remained on the State throughout the trial while in the instant case the prosecutor prefaced his comments by merely stating that the State had to prove its case beyond a reasonable doubt. At the conclusion of the arguments, the court properly instructed the jury that the burden of proof remained upon the State. We do not believe that the slight difference between the preface to the prosecutor's comments in the instant case and those in *Blakes* would have caused the jury here to believe that the defendant had any burden to prove his innocence. In any event, the court in *Blakes* did not indicate that its ruling was contingent upon or even affected by the prefatory remarks of the prosecutor. Rather, the ruling was based upon the fact that the evidence was in defendant's "control."

The two cases also differ somewhat in regard to the "control" of the evidence. In *Blakes*, the existence of the witnesses and their names were first interjected into the case by the State upon the cross-examination of the defendant. Here, Judy Spenard's name was listed by the defendant as an alibi witness and he interjected her name into the evidence by testifying that he was with her at the time the burglary was purportedly being committed. In *People v. Munday* (1917), 280 Ill. 32, 117 N.E. 286,

the court stated that the prosecutor may comment upon the failure of the defendant to call a witness only if the witness was available for the defendant to call and not accessible to the State. As stated in a comprehensive opinion in *People v. Mays* (1972), 3 Ill. App. 3d 512, 514, 277 N.E.2d 547, 548, however, a supplement to the rule developed providing that "potential alibi witnesses interjected into the case by the defendant are deemed unavailable to the prosecution and comment with regard to the failure of such witnesses to testify is proper. (*People v. Gray*, 52 Ill. App. 2d 177, 201 N.E.2d 756.)" The *Blakes* opinion does not discuss the relative accessibility of the alleged alibi witnesses or the question of who interjected their names into the case. Here, defendant clearly interjected his wife's name into the case and thus she is deemed not to be equally accessible to the State although she was present at the trial. Even in the absence of the rule stated in *Mays*, the relationship between the witness and the defendant is material, as demonstrated by the statement in *People v. Carr* (1969), 114 Ill. App. 2d 370, 378, 252 N.E.2d 912, 916: "It is a fair inference that defendant's friends and his father were more accessible to him than to the State."

In support of defendant's argument that the prosecutor's comment here was improper because Judy Spenard was as accessible to the State as to him, he relies on *People v. Gamboa* (1975), 30 Ill. App. 3d 242, 332 N.E.2d 543, where the court stated that comment upon the defendant's failure to call an eyewitness to a killing was improper but not reversible error. The opinion did not set forth who had interjected the witness' name into the case but, in any event, the rule set forth in *Mays* would be inapplicable because *Gamboa* did not claim an alibi. It is also significant that although the eyewitness was a friend of that defendant he had been a State's witness before the grand jury.

Under the applicable precedents, the comments of the prosecutor concerning the failure of the defendant to call his wife as a witness were not error.

■■■ Defendant's two other allegations of error are bottomed on the admission into evidence of information regarding other crimes. During the cross-examination of the defendant, the State's Attorney tendered authenticated copies of defendant's two prior convictions which were admitted into evidence. Because the entire record of those convictions rather than just the judgment orders were admitted, defendant argues he was prejudiced. The portions of the records that were surplusage were irrelevant and prejudicial and should therefore not have been admitted. (*People v. Squires* (1963), 27 Ill. 2d 518, 190 N.E.2d 361, *cert. denied*, 375 U.S. 978, 11 L. Ed. 2d 422, 84 S. Ct. 498.) However, defendant failed to object to the records at the time they were offered into evidence and cannot now complain that his conviction was thereby tainted. (*People v.*

*Arnold* (1963), 27 Ill. 2d 294, 189 N.E.2d 241.) Any error committed was waived by defendant's failure to object or seek deletion of the irrelevant portions.

■■ In her testimony of the occurrences following the burglary and theft, Mrs. Ware testified that after her initial interview with the police she telephoned the defendant in Peoria and he paid a visit to her. During this visit, he coached her on how to speak to the police and gave her "some pills." This testimony was objected to by the defense and the State's Attorney was cautioned not to go any further into the matter of "the pills." Defendant argues that this constituted evidence of other crimes, presumably a violation of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1100 *et seq.*), and was therefore inadmissible. Improperly introduced evidence of other crimes may constitute reversible error. (*People v. Porter* (1973), 13 Ill. App. 3d 437, 300 N.E.2d 314.) Even if we were to assume that the pills given Janet Ware by the defendant contained illegal substances, evidence of other crimes may be admitted to show motive, intent, knowledge, identity, the existence of a common scheme or design or some other material fact. (*People v. Edwards* (1975), 28 Ill. App. 3d 647, 329 N.E.2d 271, *rev'd in part*, 63 Ill. 2d 134, 345 N.E.2d 496.) The intimidation or bribery of a witness shows a consciousness of guilt and evidence of that may be admitted even if it indicates the commission of another crime. (*People v. Smith* (1972), 3 Ill. App. 3d 958, 279 N.E.2d 512; *People v. Gambony* (1948), 402 Ill. 74, 83 N.E.2d 321, *cert. denied*, 337 U.S. 910, 93 L. Ed. 1722, 69 S. Ct. 1045.) Defendant's action here could readily be seen as an attempt to keep Janet Ware from admitting her guilt to the police and hence implicating him. Such action on his part shows a consciousness of guilt and the State is allowed to bring out the facts surrounding the incident even if to do so would constitute the admission of evidence of other crimes. There was, therefore, no error in allowing a reference to the pills by the witness.

We have taken with the case a motion by defendant to tax costs against the People in connection with the certain additional designation of excerpts. Since the matter excerpted was necessary for the consideration of the appeal, the motion is denied.

No reversible error having occurred, the judgments of conviction and sentence are affirmed.

Affirmed.

MILLS, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:
I respectfully disagree with the conclusion that the closing argument

was only harmless error. I agree that it was error and upon this record, reversible error. In my opinion, the majority's reliance upon the authority of *Blakes* is misplaced. There the closing argument of the prosecutor contained an admonition in connection with, but separated from, the improper comment. Thus, in *Blakes*, the argument did not effectively shift the burden of proof to the defendant. Here, the closing argument of the prosecutor without the requisite admonition impermissibly shifted the burden of proof to the defendant. In view of the fact that the only testimonial evidence of the defendant's guilt comes from the associate, I cannot say that the error was harmless beyond a reasonable doubt.