THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
Y. T. SAVORY, Defendant-Appellant.

Third District   No. 77-374

Opinion filed August 3, 1978.

BARRY, P. J., dissenting.

Robert Agostinelli and Susan M. Solovy, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in the circuit court of Peoria County the defendant Y. T. Savory was found guilty of committing the offenses of indecent liberties with a child in violation of section 11—4(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(1)), and solicitation (indecent liberties with a child) in violation of section 8—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—1(a)). The defendant was sentenced to a term of imprisonment of not less than 4 nor more than 12 years on the indecent liberties charge.

The child who was the victim of the alleged offenses was Louise Savory, the 16-year-old retarded daughter of the defendant.

On October 27, 1976, the defendant accused James Harris of raping his daughter Louise. Upon being interrogated by the police concerning this accusation, Harris denied raping Louise but did admit that approximately a month earlier (on September 27, 1976) he had sexual intercourse with her. He stated to the police and testified before the trial court that he had been drinking with the defendant and was induced to have intercourse with Louise by her father, the defendant.

During the trial of the defendant the accomplice witness testified, as did an officer from the police department, that he made his admission regarding his act of sexual intercourse with the defendant's daughter without having been promised any immunity or leniency. The record, however, does disclose that the rape investigation against him was abandoned and he was charged with the offense of indecent liberties with a child. This charge was later reduced to the lesser offense of contributing to the sexual delinquency of a child and he was sentenced to a six-month term of incarceration.

It should be noted that the jury heard testimony from only one

occurrence witness, the self-proclaimed accomplice witness Harris. Louise Savory, the alleged child victim, was called as a witness but because of her mental state of retardation her testimony was totally unresponsive both on direct and cross-examination. The defendant was convicted on the uncorroborated testimony of the self-proclaimed accomplice witness Harris.

Several issues are presented for review in this appeal, however, we first concern ourselves with whether the defendant was proved guilty beyond a reasonable doubt when the only evidence adduced against him was the uncorroborated testimony of an accomplice.

■■ We are well aware of the decisions of our courts of review which have held that the uncorroborated testimony of an accomplice can be sufficient to sustain a conviction. (*People v. Franz* (1977), 54 Ill. App. 3d 550, 368 N.E.2d 1091; *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600; *People v. Hansen* (1963), 28 Ill. 2d 322, 192 N.E.2d 359.) Our supreme court, however, has stated that such testimony is not of the most satisfactory character and that it is attended with serious infirmities such as malice towards the accused, promises or hopes of leniency, and that utmost caution should be exercised in relying solely upon such testimony. *People v. Hansen* (1963), 28 Ill. 2d 322, 192 N.E.2d 359.

In examining the testimony of the accomplice Harris we find it to be far from satisfactory. It should be noted that his testimony was the same as contained in a statement which he gave to the police when he was being investigated and interrogated concerning an accusation against him to the effect that he had raped Louise Savory. We deem it to be of significance that this accusation was made by the defendant, the father of Louise. Having been accused of committing rape by the defendant it is not unreasonable to conclude that the witness Harris harbored a feeling of malice as to the defendant.

We are aware of the fact that the record contains testimony that Harris admitted to having had sexual intercourse with the minor Louise Savory without first receiving any promise of immunity or leniency. It should be noted, however, that he was admitting to an offense which has far less serious consequences than the offense of rape. Even though Harris may not have received any promise of leniency he did in fact receive leniency, to-wit, the rape investigation against him was abandoned, he was charged with the offense of indecent liberties with a child, and this charge was subsequently reduced to the offense of contributing to the sexual delinquency of a minor. Harris received and served a six-month sentence of incarceration. The ultimate sentence imposed upon Harris is indeed a slight or token one as compared to that which he could have received had the rape accusation against him been proved.

■■ We have not set forth in detail the testimony adduced during the

defendant's trial for no useful purpose would be served by doing so. We can and do say, however, that it portrays a distressing and sordid picture. We are not inclined to find the testimony of the accomplice Harris sufficient to sustain the conviction of the defendant, when that testimony was totally uncorroborated, when the accomplice himself, being 30 years of age, admitted to having sexual intercourse with a severely retarded 16-year-old girl and when the accomplice had reason to feel malice towards the defendant and further had reason to believe that he would benefit from testifying against the defendant and in fact did so benefit. Too many infirmities exist as to the testimony of the accomplice Harris. We are compelled to disturb the conviction of the defendant because of these infirmities. They prevent the testimony against the defendant from having that quantum of proof necessary to sustain a conviction as required by the test set forth in *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600.

For the reasons set forth the conviction of the defendant by the circuit court of Peoria County is reversed. Having reached this conclusion it is not necessary that we consider the other issues raised in this appeal.

Reversed.

STOUDER, J., concurs.

Mr. PRESIDING JUSTICE BARRY, dissenting:

As the majority indicates, the law of Illinois is that the uncorroborated testimony of an accomplice is sufficient evidence to support a conviction. Generally, in addition to testimony by an accomplice there is evidence that a crime occurred. Here, however, the alleged victim was incapable of complaining of the offense committed against her. Nevertheless, the defendant's complaint to the police is an admission that an act of intercourse was had with his daughter. In short, the defendant admits that an offense occurred, though he does not admit he was responsible therefor.

I do believe the presence of the alleged victim in the courtroom during the trial was prejudicial to the defendant. Yet, I do not believe this alone warrants an outright reversal, and the cause should be remanded for a new trial absent the prejudicial effect of the appearance of the defendant's retarded daughter.

The majority suggests that the accomplice's testimony has too many infirmities to sustain a conviction. Those "infirmities" are that the testimony was uncorroborated, that the accomplice received a lenient sentence, that the accomplice admitted intercourse with the girl, and that he had reason to feel malice toward the defendant because of the defendant's complaint to the police. Not only are these matters of

credibility to be considered by a jury, but the existence of malice is pure speculation on the part of the majority. For the majority to award an outright reversal is an usurpation by the appellate court of the function of the jury. See *People v. Wilson* (1977), 66 Ill. 2d 346, 362 N.E.2d 291; *People v. Spenard* (4th Dist. 1977), 46 Ill. App. 3d 892, 361 N.E.2d 856.