THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES MOORE, Defendant-Appellant.

Third District   No. 77-444

Opinion filed June 5, 1979.—Rehearing denied June 10, 1979.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant James Moore appeals from his conviction for the crime of armed robbery on the ground that the court improperly admitted into evidence the record of two prior convictions.

Defendant was indicted for the armed robbery of a Lockport woman, tried by a jury, and convicted. At trial the victim, who worked for a carpet cleaner appliance business, identified defendant as the man who entered her office about 8:30 p.m. on August 25, 1975, while she was alone. He pointed a handgun at her, handcuffed her, removed all her clothing, and took $13 from her purse. The victim testified that she had seen defendant at or near the office on three previous occasions; the office was well lighted; and her identification of him was positive. Police officers testified to finding the victim's identification cards, keys to the building where she worked, a handgun and handcuffs during a search of defendant's apartment.

Defendant called two witnesses who testified to minor discrepancies between the victim's testimony in court and earlier statements by her. Defendant's wife testified that she never saw the victim's identification cards in their apartment and that defendant wore a mustache and goatee during August of 1975. While testifying in his own behalf, defendant denied commission of the robbery and recounted how, when he was working part time as a security officer, he had arrested the son of a police officer. This latter incident, it was argued, indicated a possible motive for the police to accuse defendant falsely and to "plant" evidence in his apartment.

In rebuttal the State sought to impeach defendant by introducing into evidence portions of the records of two prior convictions. One record was a certified copy of a judgment order for a June 1976 rape conviction in

Will County for which defendant had received a 15- to 30-year prison term. The other record was a mittimus issued for a July 1976 rape and armed robbery conviction in Lake County for which defendant had received a sentence of 25 to 45 years to run concurrently with the Will County sentence. At the time the documents were offered, defense counsel objected to these records of prior convictions on several grounds, including that the records were legally insufficient. The court nevertheless permitted the State's documents to be presented to the jury for the limited purpose of impeachment. The jury found defendant guilty.

At the sentencing hearing, defendant's extensive criminal record was presented in aggravation, including a 1966 robbery conviction, a 1968 auto theft, a 1973 parole revocation, a 1975 bank burglary, and the two 1976 rape convictions mentioned earlier. The trial court sentenced defendant to a term of 15 to 30 years to run consecutively to the sentences imposed for the two 1976 convictions. This appeal followed.

The traditional rule in Illinois has long been that a prior conviction can be proved only by the record or authenticated copy showing the caption, the return of the indictment into open court by the grand jury, the indictment and arraignment of defendant, the impaneling of the jury and its verdict or the waiver of the jury, and the final judgment of the court. (*People v. Lane* (1948), 400 Ill. 170, 79 N.E.2d 65; *Kirby v. People* (1888), 123 Ill. 436, 15 N.E. 33; Hunter, Trial Handbook for Illinois Lawyers §43:3 (4th ed. 1972).) It must appear from the record that the conviction was before a competent tribunal having jurisdiction to act and decide. *People v. Novak* (1931), 343 Ill. 355, 175 N.E. 551; *People v. Jabine* (1926), 324 Ill. 55, 154 N.E. 430.

■■ In the case before us, the documents received in evidence did not technically meet these requirements. However, that does not necessarily mean that reversible error occurred. The judgment order in the Will County case was sufficient to direct the court's attention to its own records, and in such a situation the court may then take judicial notice of the authenticity of those records. (*People v. Dye* (2d Dist. 1974), 23 Ill. App. 3d 453, 319 N.E.2d 102.

The more flexible approach followed in *Dye* was approved by the Illinois Supreme Court in *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792, where Justice Underwood said:

"It has been repeatedly held that proof of prior convictions should be by means of certified copies of the record and identification of the defendant in the prior case as the same person. (*People v. Madison* (1974), 56 Ill. 2d 476, 488; *People v. McCrimmon* (1967), 37 Ill. 2d 40, 45.) To the extent that these and similar holdings may be thought to create an inflexible rule requiring formal proof of earlier court records only by authenticated or certified copies of

those records and proof of identity, they are incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied." (65 Ill. 2d 157, 164, 357 N.E.2d 792, 795.)

In the case at bar defendant has never claimed that the Will County record was false or that the conviction was of questionable validity. We conclude that the trial court did not err in admitting the Will County conviction for the limited purpose of impeachment.

The Lake County record consisted solely of the mittimus committing defendant to the Illinois State Penitentiary. Defendant argues that a mittimus is not legally sufficient as the record of a prior conviction under the holding in *People v. Jones* (5th Dist. 1975), 28 Ill. App. 3d 896, 329 N.E.2d 855. The instant case differs materially from *Jones* because here, according to the record, the use of the mittimus in place of a certified copy of the conviction order was suggested by defense counsel who did not want the jury to see his name on the Lake County record. He stated that defendant would be prejudiced if the jury was given the impression that defense counsel was "making a career out of defending Mr. Moore." Defense counsel then said that a mittimus would serve the purpose just as well. After the prosecuting attorney obtained a certified copy of the mittimus, it was admitted in evidence.

■■ From our review of the record, we conclude that defendant, acting through counsel, objected to the Lake County conviction as offered by the State and requested use of the mittimus instead. Thus if use of the mittimus was error, that error was invited by defendant and cannot be the basis for a reversal. As we stated in *People v. Hamilton* (3d Dist. 1978), 64 Ill. App. 3d 276, 278, 381 N.E.2d 74, 75:

"[D]efendant cannot inject an erroneous statement of law into an argument before the trial court and then rely on his own error to obtain a reversal on appeal."

Although we find that the trial court did not err, we nevertheless note that proof of prior convictions should preferably be accomplished by introduction of an authenticated or certified copy of the conviction record which conforms with the standards of Illinois law.

In any event, the evidence of defendant's guilt was so overwhelming that any error in admissibility of impeachment evidence was harmless beyond a reasonable doubt. The victim of the armed robbery was positive in her identification of defendant and had an excellent opportunity to observe him while the crime was in progress. Furthermore, the victim's testimony was corroborated by the items found in defendant's

466

home linking him to the crime. Defendant's evidence, on the other hand, was weak and equivocal, and insufficient to raise a reasonable doubt as to his guilt.

For the reasons stated, we affirm the conviction.

Affirmed.

BARRY and SCOTT, JJ., concur.