THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CARL L. DUDLEY, Defendant-Appellant.

Fifth District    No. 5—89—0742

Opinion filed July 2, 1991.

Daniel M. Kirwan, and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Darrell Williamson, State's Attorney, of Chester (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Carl L. Dudley, an inmate at Menard Correctional Center (Menard) in Randolph County, Illinois, was charged by information with unlawful possession of a weapon by a felon in the custody

of a Department of Corrections facility under section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(b)) in that he possessed a dagger-like weapon. He was convicted in a jury trial and sentenced to a term of 10 years' imprisonment to run consecutive to the term of imprisonment he was currently serving in the Illinois Department of Corrections. On appeal, defendant raises the following issues: (1) whether it was improper for the trial court to permit the docket sheets and informations in his former convictions to be used for impeachment purposes at trial; (2) whether the prosecutor's closing argument was improper; (3) whether the cause should be remanded for new post-trial proceedings on defendant's *pro se* challenge to his attorney's performance; and (4) whether the mittimus must be corrected to credit defendant with time served in custody prior to sentencing in the case at bar.

On the evening of August 8, 1988, while defendant was waiting in line in the prison yard to undergo a weapon search at Menard, a homemade knife or dagger-like weapon was found on the ground between or near his feet. Although the trial witnesses agreed on the proximate location of the knife, the origin of the weapon was in dispute. Correctional Officer Itsie Ellsworth testified that he observed defendant kneel down and remove his shoe. Defendant took an object out of the shoe and laid it in a shirt that he was holding. As defendant stood up after slipping his shoe back on, the object fell from the shirt and landed on the ground between defendant's feet. Officer Scott McKee testified that he heard a piece of metal hit the ground and then saw a knife lying between defendant's feet. Defendant testified, however, that while he had bent down to untie his shoelaces preparatory to being searched and did have his shirt in his hand, he did not remove a weapon from his shoe. Defendant stated that someone had thrown the knife from behind him and it had landed by his feet. Three other inmates who were standing near defendant at the time of the incident also testified that defendant did not take anything out of his shoe. Daniel Gunnels stated that he saw a knife land by defendant after it had been thrown from behind. The other two inmates testified that they heard knives being thrown and hitting the ground. All three inmates stated that they did not see defendant bend down to untie his shoes.

After the close of the evidence, the prosecution sought to introduce a copy of defendant's prior Macoupin County convictions for escape and aggravated battery for the purpose of impeachment. During the conference on jury instructions, defense counsel objected to the inclusion of the informations and the docket sheets in these cases, ar-

guing that the judgment orders alone were sufficient to show defendant's prior felony record. Counsel stated that the documents attached to the judgments showed the conduct upon which the charges were based and related that other charges had been filed against defendant and dismissed, information prejudicial to defendant. The trial court overruled defense counsel's objection, and the documents were later submitted to the jury.

On appeal, defendant asserts that he was unduly prejudiced by the use of the docket sheets and informations to prove his prior convictions for impeachment purposes. Defendant argues that the trial court erred in refusing to excise the informations and docket sheets, as requested by defense counsel, and to submit only the judgment orders to the jury. We agree.

■ In the case at bar, the documentation submitted to the jury on defendant's prior felony convictions contained details of the nature of those crimes. In particular, the information for the aggravated battery charge, which named defendant and three codefendants, stated that "said defendants, in committing a battery *** without legal justification and by use of a deadly weapon, a knife, intentionally caused bodily harm to [the victim], in that they stabbed [him] in the back." In addition, the docket sheets given to the jury referred to 13 separate charges against defendant which were dismissed in exchange for his guilty pleas to the offenses of aggravated battery and escape. These portions of the records of conviction were surplusage, irrelevant, and prejudicial and should therefore not have been admitted. See *People v. Spenard* (1977), 46 Ill. App. 3d 892, 897, 361 N.E.2d 856, 860; see also *People v. Davis* (1977), 54 Ill. App. 3d 517, 525, 369 N.E.2d 1376, 1383-84.

In *Spenard*, the court held that the admission into evidence by the State of authenticated copies of the entire record of the defendant's two prior convictions, rather than just the judgment orders, was improper. However, because the defendant in *Spenard* failed to object to the records or seek deletion of the irrelevant portions at the time they were offered into evidence, the court held that any error committed was waived. *Spenard*, 46 Ill. App. 3d at 897-98, 361 N.E.2d at 860.

In *Davis*, the trial court allowed a certified copy of a prior conviction into evidence which contained not only proof of a theft conviction, but also burglary indictments upon which the defendant was acquitted. The appellate court held that inclusion of criminal charges upon which the defendant was not convicted was error. (*Davis*, 54 Ill. App. 3d at 525, 369 N.E.2d at 1383-84.) As in *Spenard*, however, the

defendant in *Davis* was determined to have waived the issue on appeal where his defense counsel's objections to the admissibility of the prior conviction's exhibits did not address the inclusion of the surplusage. Additionally, the *Davis* court stated that the irrelevant and surplus arrests in the exhibits were adequately explained and nullified by the defendant's own testimony. *Davis*, 54 Ill. App. 3d at 526, 369 N.E.2d at 1384.

■ In the case at bar, however, counsel for defendant specifically objected to the admission of the prejudicial and irrelevant information, and defendant was given no opportunity to "nullify" the documents' prejudicial effects. Thus, where the error, as recognized in *Spenard* and *Davis*, was here properly preserved, it cannot be said to be harmless.

■ The State argues that the introduction of the docket sheets and informations in the cases used to impeach defendant's credibility was done in compliance with the requirements set forth by this court in *People v. Lindsey* (1986), 148 Ill. App. 3d 751, 499 N.E.2d 715. In *Lindsey*, this court stated that the rule in Illinois is that a prior conviction can be proved only by the record or an authenticated copy showing the caption, the return of the indictment in open court by the grand jury, the indictment and arraignment of the defendant, the impaneling of the jury and its verdict or the waiver of the jury, and the final judgment of the court. 148 Ill. App. 3d at 760, 499 N.E.2d at 721, citing *People v. Lane* (1948), 400 Ill. 170, 173, 79 N.E.2d 65, 66, and *People v. Moore* (1979), 72 Ill. App. 3d 462, 464, 391 N.E.2d 139, 141, *cert. denied* (1980), 444 U.S. 1091, 62 L. Ed. 2d 779, 100 S. Ct. 1056.

*Lindsey* and *Moore* involved challenges by the defendants of the legal sufficiency of the documents used to prove their prior convictions for purposes of impeachment. While neither case involved an assertion by the defendant that the documents used contained prejudicial information, the court in *Moore* held that the trial court did not err in admitting a certified copy of a judgment order as proof of a prior conviction. The *Moore* court noted that the trial court was following the more flexible approach approved by the Illinois Supreme Court in *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792, where Justice Underwood said:

" 'It has been repeatedly held that proof of prior convictions should be by means of certified copies of the record and identification of the defendant in the prior case as the same person. [Citations.] To the extent that these and similar holdings may be thought to create an inflexible rule requiring formal proof of

earlier court records only by authenticated or certified copies of those records and proof of identity, they are incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied.' (65 Ill. 2d 157, 164, 357 N.E.2d 792, 795.)" *Moore*, 72 Ill. App. 3d at 464-65, 391 N.E.2d at 141.

Further, this court has more recently suggested in *People v. Johnson* (1988), 173 Ill. App. 3d 998, 1012-13, 527 N.E.2d 1317, 1326, that if the details appearing on the documents necessary to authenticate a defendant's prior convictions under the standards set forth in *Lindsey* were unfairly prejudicial, their admission might constitute an abuse of the trial court's discretion. We believe the present case to be an example of such an abuse of discretion, and therefore we remand this cause for a new trial where proof of defendant's prior convictions may be accomplished by introduction of a certified copy of the judgment order, with any irrelevant information excised.

Given our disposition of this issue, we find it unnecessary to address defendant's remaining contentions. For the foregoing reasons, the judgment of the circuit court of Randolph County is reversed and remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.

WELCH and LEWIS, JJ., concur.